UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X   Case No. 21-cv-1876

SABRINA PIERRE-LOUIS,

                Plaintiff,                                **COMPLAINT**

      - against -

CITIZENS OPTIONS UNLIMITED, INC. d/b/a         **PLAINTIFF DEMANDS**
AHRC NASSAU,                                             **A TRIAL BY JURY**

                Defendant.
-----------------------------------------------------------------------X

SABRINA PIERRE-LOUIS, ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, PLLC, against CITIZENS OPTIONS UNLIMITED, INC. d/b/a AHRC NASSAU, ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action based upon violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the race discrimination provisions of **42 U.S.C. § 1981**; (ii) the retaliation provisions of **42 U.S.C. § 1981**; (iii) the race discrimination provisions of the **New York State Human Rights Law**, New York State Executive Law, § 296 *et seq.* ("NYSHRL"); (iv) the retaliation provisions of the **NYSHRL**; and (v) any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), *et seq*.

3. The Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

5. Plaintiff is a Black woman and a resident of the State of New York. At all relevant times herein, she was and is a "person" and an "employee" entitled to protection as defined by 42 U.S.C. § 1981 and the NYSHRL.

6. At all relevant times herein, Defendant was and is a New York corporation headquartered at 189 Wheatley Road, #4, Brookville, New York and is an "employer" under the relevant statutes.

## MATERIAL FACTS

7. Plaintiff began working for Defendant in or around October 2016 as a Direct Support Professional. After a brief stint as a Medical Care Coordinator for Defendant from December 2019 to October 2020, Plaintiff returned to the Direct Support Professional position on a per diem basis, earning a rate of pay of $15 per hour.

8. Plaintiff is assigned by Defendant to work at its Rondell Lane location, where she provides support services to persons suffering from mental disabilities.

9. On Wednesday, January 27, 2021, one of the residents of Rondell Lane, D.I., was using the telephone all morning, preventing the medical case worker from performing her job.

10. After several attempts to persuade D.I. to surrender the phone, one of Plaintiff's co-workers unplugged the phone from the wall jack.

11. D.I. immediately blamed Plaintiff for this action, yelling at her and calling her a "mother fucker."

12. D.I. then went into the medicine room, where D.I. was not permitted, and when Plaintiff

explained to her that D.I. could not be in there, D.I. threw an air sprayer bottle at Plaintiff.

13. Thereafter, D.I. hit Plaintiff several times with her hands, stomped on Plaintiff's feet and also kicked Plaintiff several times, as well as spitting on her.

14. D.I. eventually went upstairs and Plaintiff called her manager to report what had happened.

15. However, less than five minutes later, D.I. charged down the stairs, throwing the first item she could get her hands on at Plaintiff.

16. Plaintiff ducked out of the way, but D.I. proceeded to hit her, scratch her and bite her.

17. Throughout D.I.'s assault on Plaintiff, she repeatedly called Plaintiff a "nigger."

18. This was far from the first instance that D.I. had physically assaulted staff members and D.I. has called other staff members "nigger" on many occasions in the past.

19. Plaintiff promptly reported the incident to her manager.

20. In response, instead of investigating Plaintiff's complaint, on January 28, 2021, Plaintiff was placed on unpaid suspension.

21. Two weeks later, Plaintiff was contacted by an investigator for Defendant and she recounted to the investigator the physical and verbal abuse she endured from D.I.

22. On March 24, 2021, while Plaintiff was still on suspension, Plaintiff received a letter from Jason Persan ("Persan") advising her to return to work.

23. However, the letter did not mention any investigation of Plaintiff's complaint or otherwise address her physical safety or her concerns of racial discrimination, which Defendant did not investigate.

24. On March 24, 2021, Plaintiff emailed Persan to reiterate her prior complaint and to again ask for an investigation by Defendant into her claims of discrimination. Plaintiff additionally complained that Defendant's prior response to her complaint was to suspend her without pay.

25. On March 26, 2021, Persan responded. Persan advised Plaintiff, for the first time, that Defendant had undertaken an investigation into Plaintiff's actions and had found that Plaintiff failed to follow proper procedure in handling D.I.'s discriminatory assault of her. Persan continued by explaining, that as a result, Defendant was requiring her to take engage in retraining on D.I.'s Behavioral Support Plan.

26. Later that same day, March 26, 2021, Plaintiff complained to Persan that Defendant had not investigated her complaint about discrimination and his sudden revelation of an investigation into her actions was retaliation for her prior complaint.

27. On March 30, 2021, Persan responded simply by claiming that the investigation of the January 27, 2021 incident was complete and the result was a recommendation of retraining for Plaintiff.

28. Although Persan continued to maintain that Plaintiff's job remained open for her return, in fact, Defendant had already terminated Plaintiff's employment in its internal system.

29. Upon information and belief, Defendant suspended Plaintiff without pay, conducted an investigation into her actions resulting in a recommendation of retraining, and terminated her employment in retaliation for Plaintiff's complaints of race discrimination.

30. Defendant's actions and conduct were intentional and intended to harm Plaintiff.

31. As a result of Defendant's actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

32. Additionally, as a result of Defendant's discriminatory treatment, Plaintiff has suffered pecuniary loss, severe emotional distress, and physical ailments.

33. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe

emotional and physical distress.

34. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against Defendant.

## FIRST CAUSE OF ACTION
*Race Discrimination in Violation of 42 U.S.C. § 1981*

35. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. 42 U.S.C. § 1981(a) states, in the relevant part, as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

37. Defendant intentionally discriminated against Plaintiff in violation of 42 U.S.C. § 1981 on account of her race.

38. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

39. The conduct of Defendant was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION
*Retaliation in Violation of 42 U.S.C. § 1981*

40. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. By the acts and practices described above, Defendant retaliated against Plaintiff for her

        opposition to and complaints of unlawful discrimination in violation of 42 U.S.C. §1981.

42. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer impairment and damage to Plaintiff's good name, lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

43. The conduct of Defendant was outrageous, was done in a deliberate, callous, malicious, and oppressive manner intended to injure Plaintiff, and was done in conscious disregard of Plaintiff's rights. Plaintiff is therefore also entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION
*Race Discrimination in Violation of the NYSHRL*

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. Executive Law § 296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, **race**, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment. (emphasis added)

46. As described above, Defendant discriminated against Plaintiff on the basis of her race, in violation of NYSHRL, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment and subjecting Plaintiff to disparate treatment based on her race.

47. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which he is entitled to an

award of monetary damages and other relief.

48. As a result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

49. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION
*Retaliation in Violation of the NYSHRL*

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she filed a complaint, testified, or assisted in any proceeding under this article.

52. As described above, Plaintiff engaged in protected activities, including making internal complaints regarding discrimination based on Plaintiff's race.

53. As described above, after Plaintiff engaged in activity protected by the NYSHRL, Defendant took adverse actions against Plaintiff by, *inter alia*, suspending her without pay and terminating her employment, that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

54. As a result of Defendant's retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional

distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

## JURY DEMAND

55. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 1981 and the NYSHRL, in that Defendant discriminated against Plaintiff on the basis of her race and retaliated against Plaintiff for complaining about this discrimination;

B. Restraining Defendant from any retaliation against Plaintiff for participating in any form in this litigation;

C. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Garden City, New York
April 7, 2021

                                            **PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

                                                                         /s/
                                            Marjorie Mesidor
                                            Joseph Myers
                                            585 Stewart Avenue, Suite 410
                                            Garden City, New York 11530
                                            T: (212) 248-7431
                                            F: (212) 901-2107
                                            mmesidor@tpglaws.com
                                            jmyers@tpglaws.com